## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MAYLA CLARK on her own behalf and**
**on behalf of all similarly situated**
**individuals,**

      **Plaintiff,**    **CASE NO.:**
  **v.**

**TINY DANCER, INC., d/b/a McDonald's a**
**Florida Profit Corporation,**

      **Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MAYLA CLARK on her own behalf, and on behalf of all similarly situated individuals, by and through the undersigned attorney, sues the Defendant, TINY DANCER, INC. d/b/a McDonald's, a McDonald's franchisee, (collectively "Defendant") for failing to pay complete minimum wages and overtime for every hour worked, pursuant to 29 U.S.C. 216(b).

## NATURE OF CASE

1.  Defendant, TINY DANCER, INC. d/b/a McDonald's, (hereinafter "McDonald's") is a McDonald's Franchise operating in Sarasota, Sarasota County, Florida.

2.  As part of its enterprise, Defendant hires crew members to serve customers.

3.  Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendant.

4.  Defendant violated the FLSA by failing to pay Plaintiff at least the full minimum wage for all hours worked pursuant to 29 U.S.C. 216(b) and 29 U.S.C. § 201, et al.

5.      Defendant further violated the FLSA by failing to pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.

## PARTIES

6.      Defendant is a Florida for profit corporation which operates and conducts business in, among others, Sarasota County, Florida and is therefore, within the jurisdiction of this Court.

7.      Plaintiff brings this FLSA collective action individually and on behalf of others similarly situated, including present and former employees of Defendant, to recover from Defendant unpaid minimum wage, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION & VENUE

8.      This action is brought under Federal law to recover from Defendant minimum wage, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9.      This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

10.     This Court has jurisdiction and venue over this complaint as each of Defendant's violations of the FLSA complained of took place in Sarasota County, Florida.

## GENERAL FACTUAL ALLEGATIONS

11.     Plaintiff worked for Defendant at its 3828 Bee Ridge Road Sarasota, FL 34233 location.

12.     At all material times during the last three years, Defendant was an enterprise subject to the FLSA's provision on minimum wages.

13.     At all material times during the last three years, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had

at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14.     Defendant's employees ran credit card transactions which transacted business in interstate commerce on a daily basis.

15.      Defendant's employees handled goods such as napkins, utensils, appliances, food items, and restaurant equipment which had traveled in interstate commerce.

16.     At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

17.     Defendant is a restaurant, providing fast food to the general public.

18.     Plaintiff did a specific job, i.e. work the drive-thru window taking orders and accepting payments, which was/is an integral part of the restaurant business of Defendant.

19.     By Plaintiff's estimates, she routinely worked more than 60 hours or more in a work week.  In many weeks, Plaintiff was not paid minimum wage for all the hours worked in violation of 29 U.S.C. §206.

20.     Plaintiff was required to clock in and out on the computer.  When Plaintiff would review her time records, her overtime hours would be missing. Further for those overtime hours that were not recorded, Plaintiff was required to work off the clock after her scheduled shift.

21.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

22.     During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

23.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)**
**(Failure To Pay Minimum Wages)**

24.     Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 23 above as if stated fully herein.

25.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

26.     At all relevant times, Defendant employed Plaintiff.

27.     Defendant's failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. §206.

28.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

29.     In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

30.     Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

31.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

32.     As a result of Defendant's reckless disregard of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for unpaid minimum wage compensation, an additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**SECOND CAUSE OF ACTION**
**COLLECTIVE ACTION, VIOLATION OF THE FLSA**
**(Failure to Pay Minimum Wage)**

33.     Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 23 above as if stated fully herein.

34.     At all times material, Defendant employed numerous individuals who were similarly situated to Plaintiff.

35.     Throughout their respective employment, individuals similarly situated to Plaintiff were subject to Defendant's unlawful pay practices.

36.     Defendant's failure to pay such similarly situated individuals the required minimum wage was in reckless disregard of the FLSA.

37.     As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

38.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to

pay Plaintiff and others similarly situated the full and complete minimum wage for each hour worked, Plaintiff and others similarly situated have suffered damages, plus incurring reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff on behalf of herself and others similarly situated demands judgment against Defendant for unpaid minimum wage and additional and equal amount of liquidated damages or if liquidated damages are not awarded, then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### THIRD CAUSE OF ACTION
### RECOVERY OF OVERTIME COMPENSATION

39.     Plaintiff reincorporates and readopts all allegations contained within Paragraph 1-23 above.

40.     Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

41.     During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

42.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half  her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

43.     Defendant was able to avoid paying overtime by requiring Plaintiff to work off the clock after her scheduled shift was completed. Furthermore for those overtime hours Plaintiff did clock in, time records reflecting those hours were routinely deleted from the time keeping system.

44.     Defendant was aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

45.     Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

46.     Defendant failed to post required FLSA informational listings as required by the FLSA.

47.     Defendant's conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

48.     Defendant willfully violated the FLSA.

49.     Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## FOURTH CAUSE OF ACTION
## COLLECTIVE ACTION, VIOLATION OF THE FLSA
## (RECOVERY OF OVERTIME COMPENSATION)

50.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

51.     At all times material, Defendant employed numerous other non-exempt employees who worked as crew members and who worked a substantial number of hours in excess of forty (40) per week.

52.     Throughout their employment, those employees were similarly situated to Plaintiff and were subject to the same unlawful pay practices.

53.     Defendant failed to pay those individuals, who are similarly situated to Plaintiff, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

54.     Defendant's failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

55.     As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff on behalf of herself and others similarly situated, demands judgment against Defendant for unpaid overtime compensation, an additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 27th day of June, 2017.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

**/s/ *Marc R. Edelman***
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
Morgan & Morgan, P.A.
201 North Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Fax:  813-257-0572
Email: MEdelman@forthepeople.com
*Attorney for Plaintiff*